IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FIRST MORTGAGE COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-21-0047-R |
| | ) |
| STRATEGIC MORTGAGE FINANCE | ) |
| GROUP, LLC; JIM CAMERON; and | ) |
| JEFF BABCOCK, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Strategic Mortgage Finance Group, L.L.C. ("Stratmor"), Jim Cameron ("Cameron"), and Jeff Babcock's ("Babcock") Motion to Dismiss, Doc. No. 15. Plaintiff First Mortgage Company, LLC ("First Mortgage") responded in opposition, Doc. No. 19, and the Defendants then filed a reply, Doc. No. 20.

In evaluating a motion to dismiss, the Court assumes the truth of a plaintiff's well-pled factual allegations and evaluates them in the light most favorable to the non-movant. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). First Mortgage alleges the following facts.

In the summer of 2016, First Mortgage engaged Stratmor for assistance in the sale of its business. Doc. Nos. 12, 12-1. Pursuant to the parties' Engagement Letter, Stratmor—represented by Cameron and Babcock—agreed to pursue prospective buyers, conduct due diligence, and assist in various tasks associated with First Mortgage's sale. Doc. No. 12 ¶¶ 11–12. Stratmor then connected First Mortgage to a prospective buyer named Eli Global,

LLC ("Eli"). *Id.* ¶ 14. During negotiations with First Mortgage, Eli sent a Letter of Intent ("LOI")—endorsed by Cameron—that if accepted, required First Mortgage to "terminate all existing warehouse facilities used by [it] to finance mortgage loans and enter into a warehouse facility agreement with a designated affiliate of [Eli] for the funding of [First Mortgage's] mortgage loans." *Id.* ¶¶ 16–18. First Mortgage entered into the LOI with Eli on January 4, 2017. *Id.* ¶ 18.

First Mortgage's "principal" then wrote to Cameron and Babcock with concerns regarding Eli's financials because he "[knew] they mentioned in [their] meeting they have $800 million in insurance cash flows, but [he didn't think he had] anything on them." *Id.* ¶ 19. In response, Cameron sent First Mortgage an "unsigned and fraudulent financial statement provided by Eli." *Id.* ¶ 20. After Eli "orchestrated [a] 90-day extension to establish the warehouse line of credit that would later be used as leverage against Plaintiff," Eli proposed a "Membership Purchase Agreement" to Stratmor, "whereby [First Mortgage] would sell all of its membership shares to" an Eli affiliate. *Id.* ¶¶ 21–22. Eli then "weaponized" its "affiliate's status as [First Mortgage's] sole and exclusive source of warehouse funding" to drive down First Mortgage's sales price by $8 million. *Id.* ¶¶ 23–24.

Subsequently, First Mortgage "rejected Eli's attempted hostile takeover," which prompted Eli to pull First Mortgage's warehouse line of credit and ended First Mortgage's "ability to do business." *Id.* ¶ 25. Once the negotiations with Eli faltered, First Mortgage became aware of litigation in North Carolina, where "the trustee of the Estate sued Eli for negotiating [ ] in bad faith." *Id.* ¶¶ 26. If Stratmor had conducted "proper due diligence on

Eli" and disclosed the "existence of the North Carolina Litigation[,]" then First Mortgage argues it would not have entered into the LOI with Eli, and "the cessation of [its] business" could have been prevented. *Id.* ¶¶ 29–30.

First Mortgage then filed causes of action against the Defendants for i) fraud, ii) deceit, iii) breach of fiduciary duty, iv) negligence, and v) breach of contract. *Id.* pp. 7–10. The Defendants moved to dismiss the claims, alleging that First Mortgage "has failed to state a claim against [them]" under Fed. R. Civ. P. 12(b)(6). Doc. No. 15, p. 1. Further, Stratmor, Cameron, and Babcock move to "strike [the] claims for fraud, deceit, and breach of fiduciary duty pursuant to Fed. R. Civ. P. 9(b)."[1] *Id.*

## I.     Fed. R. Civ. P. 12(b)(6)

Defendants argue that First Mortgage's Amended Complaint does "not set forth a plausible claim for relief under the current plausibility standard." Doc. No. 15, p. 6. Specifically, Stratmor argues that First Mortgage's "unfavorable business decision"—entering a Letter of Intent that allowed Eli to revoke the warehouse funding line—caused its loss, not Stratmor's failure to disclose the existence of the North Carolina litigation. Doc. No. 15, p. 7; Doc. No. 20, p. 3. In response, First Mortgage argues that it pled "facts which allow the [Court] to draw the reasonable inference that [Stratmor] is liable for the misconduct alleged." Doc. No. 19, p. 4 (citing *Claypole v. Geico Cas. Co.,* No. CIV-17-1144-R, 2018 WL 1187964, at *1 (W.D. Okla. Mar. 6, 2018) (quotations omitted)).

---

[1] Stratmor and Cameron also moved the Court to "strike [First Mortgage's] claims" pursuant to Fed. R. Civ. P. 12(b)(5). Doc. No. 15, p. 1. However, Defendants have since withdrawn this argument from their Motion to Dismiss. Doc. No. 18. Thus, the Court need not address whether Fed. R. Civ. P. 12(b)(5) precludes First Mortgage's claims.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The Court must accept all the well-pled allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Id.*; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Stratmor begins by arguing that First Mortgage's version of the facts is not plausible, and that "an obvious alternative explanation" exists that is contrary to Plaintiffs' version of the facts. Doc. No. 15, p. 7. Specifically, Stratmor states that "[First Mortgage's] loss was caused by a term in the Letter of Intent, freely assented to by [First Mortgage], that eventually became an unfavorable business decision." *Id.*

The Court concludes that Stratmor failed to meet its burden of showing that the Amended Complaint generally fails because it does not direct its argument "at any particular claim." *See, e.g., Lampton Welding Supply Co. v. Stobaugh*, No. 11-CV-319-

TCK-TLW, 2012 WL 5398790, at *5 (N.D. Okla. Nov. 2, 2012) (finding that "[t]he motion to dismiss fails because it is not directed to any particular claim"). Additionally, at the motion to dismiss stage, the Court "must accept all the well-pleaded allegations of the Complaint as true[,]" as explained above. *See, e.g.*, *Erikson*, 263 F.3d at 1154–55. Here, Stratmor relies on its own version of the facts to support its motion to dismiss. For this reason, Stratmor is not entitled to dismissal of the First Amended Complaint based on its assertion that the Amended Complaint is facially implausible.

Next, Stratmor argues that "[e]ach of the theories of recovery asserted by [First Mortgage] (fraud, deceit, breach of fiduciary duty, negligence, and breach of contract) requires that a plaintiff prove damages resulting from a breach of a duty." Doc. No. 15, p. 8 (citing *Key Finance, Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2016)). Further, Stratmor states that First Mortgage fails to state a claim upon which relief may be granted because it "failed to allege any damages resulting from Stratmor's purported failure to obtain accurate financial information for Eli …". *Id.* p. 9.

To survive a motion to dismiss, a plaintiff need not provide a specific amount of damages. *See, e.g.*, *Erbe v. AAA Fire & Cas. Ins. Co.*, No. 16-CV-596-TCK-PJC, 2017 WL 489417, at *2 (N.D. Okla. Feb. 6, 2017) ("Federal pleading standards do not require an insured to plead a precise damage amount in order to state a claim for breach of an insurance contract."). Rather, First Mortgage must simply plead "facts supporting a plausible claim" that it incurred damages resulting from Stratmor's alleged wrongful acts. *Id.* In the First Amended Complaint, First Mortgage alleges that because Stratmor failed to inform it of the North Carolina Litigation, it continued negotiating with Eli. Doc. No. 12

5

¶¶ 27–29. Eli then attempted to "force [First Mortgage] to agree to new purchase terms [ ] including reduction of the purchase price [ ] by nearly $8 million[,]" which led to the end of the parties' negotiations and the cessation of First Mortgage's business. *Id.* ¶¶ 24, 30. At the pleading stage, such allegations sufficiently allege that First Mortgage suffered damages. Accordingly, Stratmor is not entitled to dismissal.

Additionally, Stratmor argues that First Mortgage fails to state claims against Cameron and Babcock "in their individual capacities" because the Amended Complaint does not allege Cameron and Babcock acted "outside of their capacity as members of Stratmor." Doc. No. 15, p. 9. In response, First Mortgage provides authority explaining that an officer or director may be sued "directly for his own conduct." Doc. No. 19, p. 6.[2]

> Okla. Stat. tit. 12 § 682(B) provides that
>
> [n]o suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual obligation, not within the scope of their role as an officer, director or shareholder, arising out of or in connection with their direct involvement in the same or related transaction or occurrence.

To prevail at the pleading stage, a defendant must show that beyond a doubt, the plaintiffs "can prove no set of facts in support of [their] theories of recovery." *Fanning v. Brown*, 85

---

[2] First Mortgage begins by citing to Oklahoma state court decisions for its position. *See, e.g.*, *Maree v. Neuwirth*, 374 P.3d 750, 754 (Okla. 2016); *Tyree v. Cornman*, 453 P.3d 497 (Okla. Civ. App. 2019). Next, First Mortgage cites federal court decisions in Oklahoma for its position. *See, e.g.*, *Curl v. Lytal*, No. 20-CV-032-JFH-JFJ, 2020 WL 8362812, at *2 (N.D. Okla. Dec. 1, 2020); *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *3 (W.D. Okla. Nov. 20, 2019); *Capps v. Bullion Exch., LLC*, No. 18-CV-00162-GKF-FHM, 2019 WL 7605825, at *2 (N.D. Okla. Apr. 22, 2019); *Phoenix Energy Mktg., Inc. v. Chase Oil Corp.*, No. 16-CV-0681- CVE-JFJ, 2017 WL 6397492, at *5 (N.D. Okla. Dec. 14, 2017).

P.3d 841 (Okla. 2004). Generally, an agent is not liable in his individual capacity for acts within the scope of his authority. *Carter v. Schuster*, 227 P.3d 149, 155 (Okla. 2009) *as corrected* (Dec. 18 and 22, 2009). However, when an agent acts outside the scope of his authority—including by engaging in fraud— "the agent becomes liable for the injury[.]" *Id.* (citing *Bane v. Anderson, Bryant & Co.,* 786 P.2d 1230, 1235 (Okla. 1989)). Accordingly, to dismiss the claims against Cameron and Babcock in their individual capacities, the Court must find that no set of facts supports recovery against them outside the scope of their respective roles as officers, directors, or shareholders of Stratmor. *See, e.g.*, *Tyree v. Cornman*, 453 P.3d 497 (Okla. Civ. App. 2019) ("Whether the conduct alleged by the plaintiffs was or was not within the scope of Brent Cornman's role as an officer, director or shareholder of Cornman Construction cannot be determined at the pleading stage.").

In the First Amended Complaint, First Mortgage alleges that both Babcock and Cameron "are named for their direct involvement and personal tortious conduct [for] failing to disclose the material fact of the North Carolina Litigation." Doc. No. 19, p. 7.  To the extent First Mortgage's allegations are against Babcock and Cameron individually, Okla. Stat. tit. 12 § 682(B) does "not prohibit a suit or claim against a corporate officer or a member of a limited liability company for that person's own conduct 'arising out of or in connection with their direct involvement in the same or related transaction or occurrence.'" *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260-SLP, 2019 WL 7753449, at *3 (W.D. Okla. Nov. 20, 2019) (citing Okla. Stat. tit. 12 § 682(B)) (internal citations omitted).

Construing the First Amended Complaint in the light most favorable to First Mortgage, First Mortgage alleges Cameron and Babcock wrongly withheld knowledge of the North Carolina Litigation—while holding "a substantial financial stake in the transaction"—to its detriment. Doc. No. 12 ¶ 27. Because First Mortgage's allegations include factual assertions as to the individuals' conduct, the Court finds Cameron and Babcock are not entitled to dismissal based on Okla. Stat. tit. 12 § 682(B). *See, e.g.*, *Sauders v. Mangum Nursing Ctr., LLC*, 377 P.3d 180, 184 (Okla. Civ. App. 2016) (interpreting § 682 and stating that "Oklahoma law does not prohibit a suit based on an officer's, director's or shareholder's direct involvement with the transaction or occurrence at the heart of the lawsuit.").

## II.     Fed. R. Civ. P. 9(b)

Lastly, Stratmor argues that First Mortgage's claims of fraud, deceit and breach of fiduciary duty should be dismissed because it "failed to set forth these circumstances with the particularity required by Fed. R. Civ. P. 9(b)." Doc. No. 15, p. 12. In response, First Mortgage explains that its Amended Complaint meets the Tenth Circuit's requirement that it plead the "who, what, when, where and how" underlying its allegations of fraud. Doc. No. 19, p. 7.

Fed. R. Civ. P. 9(b) provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The particularity requirement exists to provide a defendant with sufficient notice of the misrepresentations alleged so that he can answer and defend himself. *Gardner v. Inv'rs Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992). In *Koch v. Koch Indus.,*

*Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), the Tenth Circuit explained that under Rule 9(b), the pleading must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof[.]" However, Fed. R. Civ. P. 9(b) does not require a plaintiff to specify the *exact* time and place that the alleged fraud occurred. *See, e.g.*, *State Farm Fire & Cas. Ins. Co. v. Jun Shao*, No. 19-CV-0496-CVE-FHM, 2020 WL 3429036, at *3 (N.D. Okla. June 23, 2020) (alleging that fraud "during the insurance application process" sufficiently notified the defendants of fraud claims against them). Further, "specific *dates* are not necessary to provide notice of the nature of the fraudulent scheme." *Jeter v. Wild West Gas, LLC*, No. 12-CV-411-TCK-PJC, 2015 WL 5970992, at *6 (N.D. Okla. Oct. 14, 2015) (emphasis added). When a plaintiff alleges a failure to disclose while under the duty to disclose, the complaint should include "at the very least an identification of the duty to disclose and the fact allegedly concealed." *Swan Glob. Invs., LLC v. Young*, No. 18-CV-03124-CMA-NRN, 2019 WL 5095729, at *12 (D. Colo. Aug. 20, 2019), *report and recommendation adopted*, 2020 WL 897654 (D. Colo. Feb. 25, 2020); *see also Pine Tel. Co., Inc. v. Alcatel-Lucent USA, Inc.*, 617 F. App'x 846, 860 (10th Cir. 2015).

Here, First Mortgage has adequately pled that under the Engagement Letter, the Defendants had a duty of care and loyalty to First Mortgage and that prior to January 4, 2017, breached that duty by not disclosing the North Carolina Litigation. Doc. No. 12 ¶¶ 26–31. First Mortgage has alleged that Stratmor (the who) made material misrepresentations by not disclosing the North Carolina Litigation (the what) prior to entering the LOI with Eli (the when). *See Kunneman Properties, LLC v. Marathon Oil Co.*,

9

No. 17-CV-00456-GKF-JFJ, 2019 WL 4658362, at *4 (N.D. Okla. Sept. 24, 2019) (alleging that the defendant met the Rule 9(b) particularity requirement when it misrepresented volume, price, and fee over a broad time frame). Accordingly, First Mortgage's allegations are sufficient for Stratmor to adequately defend itself, which—according to the Tenth Circuit—meets the minimum requirement of providing the defendant with an identification of the duty to disclose and the fact allegedly concealed. *See, e.g.*, *Pine Tel. Co., Inc.*, 617 F. App'x at 860.

Accordingly, for the reasons set forth above, Stratmor's motion to dismiss, Doc. No. 15, is hereby DENIED.

**IT IS SO ORDERED** on this 30th day of July 2021.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE