**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FIRST MORTGAGE COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 21-CV-00047-R |
| STRATEGIC MORTGAGE FINANCE GROUP, LLC; JIM CAMERON; and JEFF BABCOCK, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS STRATEGIC MORTGAGE FINANCE GROUP, LLC, JIM
CAMERON, AND JEFF BABCOCK'S APPLICATION AND
<u>BRIEF IN SUPPORT OF BILL OF COSTS AGAINST PLAINTIFF</u>**

Pursuant to 28 U.S.C.A. §1920, Fed.R.Civ.P. 54 and LCvR54.1, Defendants

Strategic Mortgage Finance Group, LLC, Jim Cameron, and Jeff Babcock

(hereinafter "Defendants") requests that certain costs be assessed against

Plaintiff. In support of its Application and its Bill of Costs (*See* Dkt. No. 89),

Defendants would show that this Court entered judgment in favor of Defendants

on March 30, 2026. As a prevailing party, Defendants are entitled to recover costs.

Consistent with LCvR54.1, Defendants are filing their Bill of Costs on the form

prescribed by the Clerk contemporaneously with the filing of this Application and

Brief.

## I.    <u>ARGUMENTS AND AUTHORITIES</u>

The granting of the Bill of Costs is governed by Fed. R. Civ. P. 54(d)(1),

which provides, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." The Court granted Defendants' Motion for Summary Judgment by way of an Order entered on March 30, 2026 and granted judgment in favor of Defendants and against Plaintiff. (See Dkt. Nos. 86 and 87). It is undisputed that Defendants are the prevailing party in this litigation.

As the prevailing party, Defendants are entitled to recover any allowable costs from Plaintiff that Defendants necessarily incurred during the course of the litigation, in accordance with 28 U.S.C.A. §1920. Pursuant to 28 U.S.C.A. §1920, the following allowable costs are recoverable by Defendants from Plaintiff in this case:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case....

28 U.S.C.A. §1920(1-4).

in awarding costs, the district court is afforded broad discretion. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). An abuse of discretion occurs when a district court (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in evidence to support its rulings. *Id.* "The court's exercise of its discretionary power turns on whether or not the costs are for materials necessarily obtained for use in the case."

*U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). The district court "must provide a valid reason for not awarding costs to a prevailing party." *Cantrell v. International Brotherhood of Electrical Workers*, 69 F.3d 456, 459 (10th Cir. 1995).

There is a presumption in favor of awarding costs to the prevailing party. *Id.* The mere fact that Plaintiff may have brought the lawsuit in good faith, with nothing more, is not a sufficient basis for denying costs to Defendant. *See Goostree v. State of Tennessee*, 796 F.2d 854, 864 (6th Cir. 1986). In *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir. 1985), overruled on other grounds, *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989), the Court reasoned that the mere fact that there is a disparity between the ability of the parties to pay does not overcome the presumption in favor of awarding costs to the prevailing Defendant. *Hudson*, 758 F.2d at 1244.

## A.    <u>FEES FOR TRANSCRIPTS AND VIDEOS OF DEPOSITIONS</u>

Defendants are entitled to have the fees for transcripts necessarily obtained for use in the case taxed as costs against Plaintiff. *See* 12 U.S.C.A. §1920(2). Defendant Cudd seeks reimbursement in the amount of <u>$4,969.95</u> for court reporter and videographer fees relative to the three (3) of the four (4) depositions taken in this case (*See* Dkt. No. 89, Itemized Billing). The transcripts from the depositions conducted were used in preparation for trial and/or in preparation of Defendants' Motion for Summary Judgment and Reply Briefs as to Plaintiff's claims against Defendants, upon which Defendants prevailed. (*See* Dkt. Nos. 86 and 87).

All of the depositions conducted were related to claims or defenses in this case and all of the deponents were identified as witnesses on Plaintiff's or Defendants' Final Witness Lists. The depositions were reasonable and necessary to Defendants' preparation for a trial on the merits and the defense of Plaintiff's claims. Therefore, Defendant Cudd was required to expend $4.969.95 to obtain transcripts and videos of the depositions conducted and those costs should be taxed against Plaintiff. *Tilton v Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997); *See also*, *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("...if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.") (Citations omitted).

### B.    FEES AND DISBURSEMENTS FOR PRINTING AND WITNESSES

In accordance with 12 U.S.C. §1920(3), Defendants are entitled to recover its fees and disbursements for printing and witnesses.  Defendants spent thousands of dollars copying and printing the vast materials produced during discovery, attached to Motions and other Briefs, and in preparation for trial. However, Defendants do not seek reimbursement for the copying of all of these documents. Defendant Cudd seeks reimbursement in the amount of $1,135.57 for the copies and preparation of its documents that were produced for use in this case.   Most the copied documents were utilized in depositions and/or were otherwise identified by both parties in their Exhibit Lists.  Additionally, some of

Defendants' documents were utilized as exhibits for their successful Motion for Summary Judgment Brief. (*See* Dkt. No. 47).

The Court in *In re Williams*, 558 F.3d 1144 (10th Cir. 2009) noted that the burden to establish entitlement to copying costs under §1920 is not a high one. *In re Williams*, 558 F.3d at 1149. "A prevailing party need not 'justify each copy' it makes. *Id*. All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'" *Id*. (Internal Citation omitted). The copying costs identified in Defendants' Bill of Costs were reasonably and necessarily obtained for use in this case and Defendants are entitled to recover their costs for these expenses. *See also*, *Tilton*, 115 F.3d at 1476. Therefore, Defendant Cudd is entitled to reimbursement for the amount of $1,135.57 for its printing/copying costs.

## II.    CONCLUSION

As the prevailing party in this litigation, Defendants are entitled to recover allowable costs that were reasonably necessary to this case, pursuant to 28 U.S.C.A. §1920, Fed.R.Civ.P. 54 and LCvR54.1, in the total amount of $6,105.52, as set forth within Defendants' Bill of Costs filed contemporaneously herewith.

WHEREFORE, Defendants Strategic Mortgage Finance Group, LLC, Jim Cameron, and Jeff Babcock respectfully request that costs in the amount of $6,105.52 be taxed against Plaintiff and awarded to Defendants as a prevailing party in this matter. Defendants Strategic Mortgage Finance Group, LLC, Jim

Cameron, and Jeff Babcock also respectfully request that judgment be entered in favor of Defendant Strategic Mortgage Finance Group, LLC, Jim Cameron, and Jeff Babcock and against Plaintiff in the amount of $6,105.52. Defendants also respectfully request that they be granted all other relief that this Court deems to be just, equitable, and proper.

Respectfully submitted,

/s/Matthew J.G. McDevitt_____
Matthew J.G. McDevitt, OBA No. 20771
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
Post Office Box 26350
Oklahoma City, OK 73126-0350
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
mmcdevitt@piercecouch.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of April, 2026, a true and correct copy of the above and foregoing instrument was filed with the Court's CM/ECF system, which will generate a notification to the following counsel of record:

Fred A. Leibrock
PHILLIPS MURRAH, P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102

/s/Matthew J.G. McDevitt_____
Matthew J.G. McDevitt